IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 3:20-CR-8-TAV-DCP |
| | ) |
| JAMES EDWARD CHASTEEN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant James Chasteen's Motion to Sever Defendants [Doc. 94], filed on May 22, 2020. Defendant Chasteen is charged [Doc. 3] with conspiring with John Rush, Raymond Edwards, Desmond Stephenson, and unnamed others to distributed methamphetamine and marijuana between April 2015 and June 30, 2019 (Count One). He is also charged [Doc. 3] with conspiring with eleven named codefendants, including Raymond Edwards, to launder the proceeds of drug trafficking during this same timeframe (Count Eleven). Defendant asks [Docs. 94, 95, & 100] the Court to sever him for a separate trial from that of his codefendants, because Defendant Raymond Edwards will provide exculpatory testimony that is critical to his defense but will not testify in a joint trial. The Government opposes [Doc. 99] severance, arguing that codefendants charged in the same conspiracy are properly tried together and Defendant Chasteen has access to other evidence to support this defense, i.e. his own testimony, at a joint trial.

Defendants who are alleged to have participated in the same acts or transactions or in the same series of acts or transactions are properly joined for trial. Fed. R. Crim. P. 8(b). "The

general rule in conspiracy cases is that persons indicted together should be tried together." *United States v. Smith*, 197 F.3d 225, 230 (6th Cir. 1999). In the present case, the Court finds that Defendant Chasteen is properly joined in the same Indictment with his codefendants, because they are alleged to have participated in the same series of acts or transactions, i.e., a conspiracy to distribute methamphetamine and marijuana and a conspiracy to launder the proceeds therefrom. *See, e.g., United States v. Welch*, 97 F.3d 142, 147-48 (6th Cir. 1996) (affirming denial of severance of defendant charged in three of twenty-nine counts stemming from a conspiracy to sell cocaine), *cert. denied*, 519 U.S. 1134 (1997). Joinder of defendants promotes judicial economy, because there is almost always common evidence against the joined defendants. *United States v. Phibbs*, 999. F.2d 1053, 1067 (6th Cir. 1993), *cert. denied,* 510 U.S. 1119 (1994).

However, even when defendants are properly joined, the Court may sever defendants for separate trials "or provide any other relief that justice requires," if it finds that the joinder of defendants "appears to prejudice a defendant or the government[.]" Fed. R. Crim. P. 14(a). In determining whether to grant a request for severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864-65 (6th Cir. 1983). In light of the preference for joint trials, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). A defendant seeking severance from his or her alleged coconspirators "'must carry the heavy burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" *Smith*, 197 F.3d at 230 (quoting *United States v. Davis*, 809

2

F.2d 1194, 1207 (6th Cir. 1987) (other internal quotation omitted)); *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (holding that severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice).

In the instant case, Defendant Chasteen argues a joint trial prevents him from presenting a critical defense. He contends that the Government's proof that he participated in the alleged conspiracies is that he made wire transfers for and received packages on behalf of Defendant Raymond Edwards ("Edwards"), who is his nephew.[1] Defendant Chasteen asserts that he intends to call Edwards as a necessary and exculpatory witness at trial. He maintains that Edwards will testify that he asked Defendant Chasteen to make wire transfers and receive packages for him but that Chasteen did not know that he was involved in a drug conspiracy and, instead, thought that he was purchasing and receiving tools and electronics for Edwards's work as a mechanic. Defendant Chasteen maintains that he cannot prove this critical evidence that he lacked the requisite culpable mental state by any other evidence, witness, or means. Defendant Chasteen states that Edwards will not provide this testimony at a joint trial, because doing so

---

[1] The Government's description of the case supports the Defendant's summary of the Government's proof:

> In the present case, the defendants are charged with participating in a conspiracy to distribute ice methamphetamine and marijuana by shipping via FedEx packages of narcotics from California to the Eastern District of Tennessee in exchange for wired U.S. Currency. Co-defendant Raymond Edwards worked with the defendant [Chasteen] to arrange for the receipt of FedEx packages containing ice methamphetamine and marijuana to the defendant's residence. Additionally, defendant Edwards asked the defendant and the defendant did wire money to co-defendants in California in exchange for narcotics. Thus, consistent with the United States' theory of prosecution, the defendant is also charge[d] with a conspiracy to commit money laundering.

[Doc. 99, p.4]. The Court notes that Raymond Edwards is charged in all eleven counts of the Indictment [Doc. 3].

3

could result in self-incrimination. In support of Edwards's anticipated testimony, Defendant Chasteen presents the affidavits of his investigator Elizabeth Sherrod, who interviewed Edwards [Doc. 95-1], and of Attorney Christopher M. Rodgers, who represents Edwards [Doc. 100-1]. Both affirm the substance of Edwards's proposed testimony. Attorney Rodgers also states that Edwards "is not presently inclined" to testify at a joint trial but will testify at a separate trial of Defendant Chasteen [Doc. 100-1, p.1].

The Government opposes severance, arguing that separate trials are an inefficient use of judicial resources, an inconvenience to witnesses, and less fair, in that they create the potential for inconsistent verdicts. It contends that Edwards would enjoy the same right against self-incrimination in a separate trial of Defendant Chasteen, as he does in a joint trial. It also asserts that Edwards's alleged testimony is not the Defendant's only means of presenting the information of his knowledge about the conspiracy to the jury. The Government maintains that Defendant Chasteen could testify in his own behalf at a joint trial and present the same evidence that he seeks to have Edwards present at a separate trial. Finally, the Government questions the admissibility of Edwards's proposed testimony, arguing that it is rife with hearsay and calls for Edwards to speculate about the Defendant's knowledge.

When a defendant's request for severance is predicated upon the absence of a codefendant's testimony in a joint trial, the Court must employ a "stringent test": "The defendant 'must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed.'" *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir.), *cert. denied,* 449 U.S. 830 (1980)). The Court finds no or little dispute over the second and third prongs of the test. Defendant Chasteen

4

has shown the substance of Edwards's testimony by providing the affidavit [Doc. 94-1] of his investigator, who interviewed Edwards, and the affidavit [Doc. 100-1] of Edwards's attorney. Both affirm that Edwards will testify that he enlisted the Defendant's help in receiving packages for him and wiring money for him and that he told the Defendant that the packages contained tools and electronics for Edwards's work as a mechanic and that the money was to pay for those items. To the extent that the Government suggests that this testimony is generic, rather than specific, the Court disagrees. *C.f. United States v. Cobleigh*, 75 F.3d 242, 248 (6th Cir. 1996) (holding denial of severance was proper when defendants did not state "the substance of the proposed testimony and its exculpatory effect"); *Causey,* 834 F.2d at 1287 (holding that defendant failed to meet the "stringent test" for severance, when he could not tell which codefendant would testify on his behalf).

Also, the exculpatory nature or effect of Edwards's testimony is apparent in that the testimony tends to show that the Defendant did not have knowledge that he was participating in a conspiracy to distribute drugs or launder money. The Government argues that Edwards's proposed testimony is not admissible because it is full of hearsay and speculative as to what Defendant Chasteen knew. The Court agrees with the Defendant that Edwards's proposed testimony is based upon his personal knowledge of what he told Defendant Chasteen about the packages he asked Chasteen to receive and the money he asked Chasteen to wire. In the event that Edwards's testimony at trial ventures into speculation, the Government can object.

Defendant must also show a genuine need for the testimony of Edwards. *See Causey*, 834 F.2d at 1287. The Government states that Edwards arranged for Defendant to receive FedEx packages containing drugs at the Defendant's residence and asked Defendant to wire money to individuals in California [Doc. 99, p.4]. It appears that the parties agree on the basic facts of

5

what occurred. However, they disagree over Defendant Chasteen's intent and knowledge. Defendant Chasteen argues that only Edwards can provide testimony about whether Chasteen knew the packages contained drugs and the money was payment for drugs. The Government disagrees, contending that in a joint trial, the Defendant could waive his right against self-incrimination and testify in his own behalf about what he knew. The Defendant responds [Doc 100] that he should not have to give up his Fifth Amendment protection against self-incrimination, in order to exercise his Sixth Amendment right to a fair trial.

In *United States v. Phillips*, our appellate court faced a similar question regarding severance and a codefendant's testimony. No. 90–1545, 1991 WL 211279 (6th Cir. Oct. 21, 1991) (per curiam) (unpublished). Defendant Phillips was an employee of Edwin and Diane Turner, a married couple who ran a resort in the Bahamas. *Id*. at *1. The trio was charged with conspiring to import cocaine, because they allegedly permitted airplanes from Columbia to unload drugs at the resort's airstrip and then transported the drugs by boat to Florida. *Id.* Defendant Phillips sought to be severed for a separate trial from that of the Turners, so that they could testify for him. *Id.* He presented the couples' unsworn affidavits that Phillips had no knowledge of the offloading or transporting of drugs at the resort but was a legitimate employee involved in transporting people and supplies. *Id.* The trial court found the Turners' testimony was not sufficiently exculpatory, but the appellate court disagreed. *Id.* at **2-3. "[C]onsidering the vast amount of testimony put forth by the government portraying Phillips as the Turners' right-hand man, Phillips probably could not have found a better witness to testify as to his innocence." *Id.* at *3. The appellate court reversed and remanded for a new trial due to the trial court's failure to sever Phillips for a separate trial. *Id.* at **3-4. At no point did the court suggest that Defendant Phillips should have testified in his own behalf as an alternative to

6

presenting the testimony of the Turners. In the instant case, the Court finds that Defendant Chasteen has similarly shown a bona fide need for the testimony of Edwards.

Finally, the Court finds that Defendant Chasteen has shown that Edwards will testify if the cases are severed. *See Causey*, 834 F.2d at 1287 (listing as the fourth factor that "that the codefendant will in fact testify if the cases are severed"). Defendant Chasteen presents the affidavit of Edwards's attorney, which states that "[i]f Mr. Chasteen's trial is severed, Mr. Edwards will testify at Mr. Chasteen's separate trial" [Doc. 100-1]. The Government argues that it will be entitled to cross-examine Edwards, whether Edwards testifies in a joint trial or in a separate trial of Chasteen. It contends that Edwards can invoke his Fifth Amendment right against self-incrimination in a joint trial or in a separate trial of Chasteen. The Government implies that Edwards's testimony will be just as incriminating to Edwards in the separate trial, as it would be in the joint trial. The Court finds that this may be true, if the separate trial of Edwards occurs before the joint trial of the remaining codefendants. In such case, the Government could try to use Edwards's testimony from the initial separate trial of Chasteen against Edwards in the second trial of Edwards and the other codefendants. However, this problem is easily avoided. The Court finds that the separate trial of Defendant Chasteen must occur second, after the joint trial of Edwards and the other codefendants. Federal Rule of Criminal Procedure 14(a) permits the Court to "provide any other relief [from prejudicial joinder] that justice requires[.]" Here, the Court finds that justice requires the separate trial of Defendant Chasteen occur after the trial of Edwards and the other codefendants. *See Phillips*, 1991 WL 211279, *3 (finding the codefendants' waiver of their Fifth Amendment privilege to be unnecessary, because the trial court determined that it would try the codefendants before the separate trial of Phillips).

7

The Court finds that Defendant Chasteen has met the stringent test set forth in *Causey* and has shown that joinder with Edwards and the other codefendants is prejudicial under Rule 14(a). The Government argues that even if Defendant Chasteen meets the four factors in *Causey*, the Court must still "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." *United States v. Machado*, 804 F.2d 1537, 1544 (11th Cir. 1986). The Defendant responds that the Sixth Circuit has not adopted this second set of factors. The Court agrees with the Defendant that our appellate court has not adopted these additional factors; however, it does place the burden on him to show "specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials.'" *Smith*, 197 F.3d at 230.

The Court finds an examination of the Eleventh Circuit factors shows Defendant Chasteen has carried his burden of demonstrating specific and compelling prejudice from a joint trial. First, Edwards's testimony is critical to the Defendant's theory of the case, which is that he had no knowledge of the conspiracies with which he is charged. Second, the Court finds that Defendant Chasteen would be greatly prejudiced by the inability to present Edwards's testimony. Edwards is charged in all counts of the Indictment and, thus, appears to be a major participant in the alleged drug trafficking conspiracy. As such, Edwards's denial of his uncle's knowledge of the conspiracy is particularly significant. Additionally, from the information presented by the Defendant and the Government, it appears that Edwards is the only coconspirator with whom Defendant Chasteen personally interacted.

Third, the Court finds that having two trials, instead of one, would negatively impact judicial resources. The Court does not downplay the significance of this factor, particularly now

8

when the trials in many criminal cases have been continued due to the COVID-19 pandemic. *See* E.D.TN. SO-20-06 (continuing all criminal jury trials set between March 16, 2020, and April 24, 2020, due to the extraordinary circumstances posed by COVID-19); E.D.TN. SO-20-11 (extending the continuance of all criminal jury trials to May 4, 2020); E.D.TN. SO-20-12 (extending the continuance of all criminal jury trials to May 30, 2020). However, regarding the fourth factor, the Defendant filed his motion for severance well before trial, which gives time for the Court to schedule a second trial and time for the Government's witnesses to arrange to attend two trials. Accordingly, the Court finds that Defendant Chasteen has demonstrated specific and compelling prejudice from a joint trial, which can only be cured by severing him for a separate trial, following the trial of his codefendants.

In summary, the Court **ORDERS** as follows:

(1) Defendant James Chasteen's Motion to Sever Defendants [**Doc. 94**] is **GRANTED**;

(2) Defendant Chasteen is severed for a separate trial from that of Defendant Raymond Edwards and the remaining codefendants in this case;

(3) Defendant Chasteen's trial will be scheduled to occur second, after that of Defendant Raymond Edwards and the remaining codefendants; and

(4) The Court will set a new trial date for Defendant Chasteen at the telephonic motion hearing on September 14, 2020, at 11:00 a.m.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge