IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CR-8-TAV-HBG |
| JOHN JOSEPH RUSH, II, et al, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case came before the undersigned on September 14, 2020, for a pretrial conference and telephonic motion hearing on the Motion to Continue Trial and Extend Deadlines [Doc. 11], filed by Defendant Eddie Lee Parks on August 31, 2020, and a motion [Doc. 117] to adopt this motion filed by Defendant Toni Marilyn Fee on September 10, 2020. Assistant United States Attorney Alan Scott Kirk participated on behalf of the Government. The following defense counsel represented the Defendants: Assistant Federal Defender Bobby E. Hutson, Jr., for Defendant John Joseph Rush, II; Attorney Christopher Rodgers for Defendant Raymond G. Edwards, Jr.; Attorney David M. Eldridge for Defendant James Edward Chasteen; Attorney Mike Whalen for Defendant Desmond O. Stephenson; Attorney Russell T. Greene for Defendant Christopher R. Edwards; Attorney Christopher Oldham appearing on behalf of Attorney Gerald L. Gulley, Jr., for Defendant Jarred M. Rush; Attorney Ruth Thompson Ellis for Defendant Eddie Lee Parks; Attorney Mark E. Brown for Defendant Daniel Dewitt Walker; and Attorney Kimberly A. Parton

for Defendant Toni Marilyn Fee. The Court excused all Defendants from attending this hearing, which it conducted by telephone.

Defendant Parks moves [Doc. 112] the Court to continue the September 29, 2020 trial date and other pretrial deadlines in this case, in order to give counsel additional time to prepare for trial. The Defendant states that counsel needs additional time to review the discovery, to file and litigate pretrial motions, to interview witnesses, and to conduct other trial preparations. Additionally, the Defendant states that the parties are engaged in plea discussions. The motion relates that Defendant Parks has recently tested positive for COVID-19. The motion states that the Government does not oppose the requested continuance. Defendant Fee asks [Doc. 117] to adopt this motion, because she is similarly situated.

During the telephonic hearing, Ms. Ellis noted that this case involves a large amount of discovery. She also stated that although plea negotiations have been ongoing, the negotiations have been challenging. She stated that her client's COVID-19 diagnosis has delayed preparations in this case. Accordingly, Ms. Ellis argued that a trial continuance would promote the ends of justice. Ms. Parton stated that these reasons also apply to Defendant Fee. Counsel for Defendants John Rush, Christopher Edwards, Chasteen, and Stephenson stated that their clients also adopted the motion to continue. AUSA Kirk confirmed that the Government does not oppose the requested continuance. Counsel for Defendants Raymond Edwards, Jarred Rush, and Daniel Walker stated no position on the motion. The parties agreed on a new trial date of February 2, 2021. The Government and Defendant Chasteen agreed on a new trial date of March 9, 2021.[1]

---

[1] On September 3, 2020, the undersigned severed Defendant Chasteen for a separate trial from that of his codefendants and ruled that Defendant Chasteen's trial would occur after that of the other codefendants [Doc. 116].

The Court finds the motion to continue the trial [Doc. 112], along with the written [Doc. 117] and oral motions to join in the motion to continue to be unopposed by the Government and all codefendants and well-taken.  The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The Indictment [Doc. 3] charges Defendants John Rush, Raymond Edwards, Chasteen, and Stephenson with conspiring to distribute methamphetamine from April 2015, to June 30, 2019 (Count One).  Defendant Raymond Edwards is charged with six counts of distribution or possession with intent to distribute controlled substances, two counts of possession of a firearm in furtherance of a drug trafficking crime, and one count of being a felon in possession of a firearm.  All twelve Defendants are charged with money laundering (Count Eleven) from April 2015 to June 30, 2019.

The Court finds that defense counsel need additional time to review discovery, to investigate the facts of the case, to confer with their clients, to prepare and litigate pretrial motions, and to prepare the case for trial.  The Court notes that restrictions relating to the COVID-19 pandemic have slowed trial preparations in this case, particularly for counsel for Defendant Parks.  The Court finds that the Defendants cannot be prepared for trial by September 29 or in less than four and one-half months.  Thus, the Court finds that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue the trial [**Doc. 112**] and the written [**Doc. 117**] and oral motions to join in the motion to continue are **GRANTED**.  The trial of this case is reset to **February 2, 2021**.  The trial for Defendant Chasteen is reset to **March 9, 2021**.  The Court finds that all the time between the filing of Defendant Parks's motion on August 31, 2020,

and the new trial dates of February 2 and March 9, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court set a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Motion to Continue Trial and Extend Deadlines [**Doc. 112**] is **GRANTED**. The oral and written [**Doc. 117**] motions to join in this motion are **GRANTED**;

(2) The trial of Defendants John Rush, Raymond Edwards, Desmond Stephenson, Christopher Edwards, Jarred Rush, Eddie Parks, Daniel Walker, and Toni Fee is reset to commence on **February 2, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) The trial of Defendant James Chasteen is reset to commence on **March 9, 2021**, **at 9:00 a.m.**, also before District Judge Varlan;

(4) All time between the filing of the motion to continue on **August 31, 2020**, and the new trial dates of **February 2, 2021**, and **March 9, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The new deadline for all Defendants for filing pretrial motions is **November 6, 2020**. Responses to motions are due on or before **November 20, 2020**;

(6) For Defendants John Rush, Raymond Edwards, Desmond Stephenson, Christopher Edwards, Jarred Rush, Eddie Parks, Daniel Walker, and Toni Fee,

(a) the deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 4, 2021**;

(b) motions *in limine* must be filed no later than **January 19, 2021**;

(c) the parties are to appear before the undersigned for a final pretrial conference on **January 20, 2021, at 11:00 a.m.**; and

(d) requests for special jury instructions shall be filed no later than **January 22, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.; and

(7) For Defendant James Chasteen,

(a) the deadline for concluding plea negotiations and providing reciprocal discovery is extended to **February 8, 2021**;

(b) the parties are to appear before the undersigned for a final pretrial conference on **February 22, 2021, at 11:00 a.m.**;

(c) motions *in limine* must be filed no later than **February 22, 2021**; and

(d) requests for special jury instructions shall be filed no later than **February 26, 2021**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge